IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**TREY CARNLEY**                                                                          **PLAINTIFF**

vs.                                                  No. 6:20-cv-225

**MUGGLE TOWING, LLC,**                                              **DEFENDANTS**
**and JESSICA WARREN**

<u>**ORIGINAL COMPLAINT**</u>

COMES NOW Plaintiff Trey Carnley ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Muggle Towing, LLC, and Jessica Warren (collectively "Defendant" or "Defendants"), and in support thereof states and alleges as follows:

## I.      PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally violated the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect within the Tyler Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

6. The witnesses to the wage violations herein reside in this District.

7. The records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III.     THE PARTIES

8. Plaintiff is a resident and citizen of Smith County.

9. Defendant Muggle Towing, LLC ("Muggle"), is a domestic limited liability company.

10. Muggle's registered agent for service is Jessica Warren, at 12264 Highway 64 West, Tyler, Texas 75704.

11.  Defendant Jessica Warren is an individual and resident of Texas.

### IV.     FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Warren is the owner, principal, officer and/or director of Muggle.

14. Warren manages and controls the day-to-day operations of Muggle, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

15.     Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16.     Defendants own and operate a tow truck business located in Tyler.

17.     Upon information and belief, at least a quarter of Defendants' towing business came from contracts with local law enforcement.

18.     Defendants also do repossession work for other businesses.

19.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tow trucks.

20.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

21.     Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

22.     Specifically, Plaintiff was employed by Defendant from November of 2018 until March of 2020 as a tow truck driver.

23.     As a tow truck driver, Plaintiff was paid solely on commission.

24.     At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

25.     At all relevant times herein, Defendant directly hired Plaintiff to work at its towing business, paid him wages and benefits, controlled his work schedules, duties,

protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

26.     Plaintiff regularly worked in excess of forty (40) hours per week throughout his employment with Defendant.

27.     Defendant did not pay Plaintiff one and one-half times his regular rate of pay for each hour Plaintiff worked over forty per week.

28.     Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

29.     Defendant violated the FLSA by not including the commissions paid to Plaintiff in his regular rate when calculating his overtime pay.

30.     Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

31.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

## V.     CLAIM FOR RELIEF—Violation of the FLSA

32.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

33.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

34.     Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

35.     Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff in his regular rate when calculating his overtime pay.

36.     Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

37.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

38.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

39.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Trey Carnley respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.      That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B.     A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

E.     An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TREY CARNLEY**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com