IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**TREY CARNLEY**                                             **PLAINTIFF**

vs.                              No. 6:20-cv-225-JDK

**MUGGLE TOWING, LLC,**                                 **DEFENDANTS**
**and JESSICA WARREN**

### REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

The Response to the Motion to Dismiss ("Response") filed by Defendants Muggle Towing, LLC, and Jessica Warren (collectively "Defendants") does not and cannot cure the defective Counterclaims. The Counterclaims are without merit, and, even if the allegations were true, the facts would not justify relief, as asserted, under Texas law. As such, Defendants' Counterclaims must be dismissed in their entirety.

**A.   Defendant's Counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).**

Even with a broad reading of Rule 13, Defendants' claims do not meet the test for compulsory claim jurisdiction. Without providing any further details or clarification, Defendants make a series of leaps in order to create a vague impression that their negligence and fraud claims are somehow related to Plaintiff's FLSA overtime claims, but this argument fails under just a modest examination. Defendants merely restate, almost verbatim, the allegations made in their Counterclaims without providing any new context as to how these allegations have any bearing whatsoever on Plaintiff's wage claims. Defendants appear to be arguing that because Plaintiff's behavior resulted in some loss

Page 1 of 5
Trey Carnley v. Muggle Towing, LLC, et al.
U.S.D.C. (E.D. Tex.) No. 6:20-cv-225-JDK
Reply in Support of Motion to Dismiss Counterclaim

of profit, Plaintiff is not entitled to overtime pay. This is a claim for setoff, which the Fifth Circuit has routinely disallowed in the FLSA context except in very narrow circumstances that are not present here. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010) ("Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused."); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974). Defendant's claims are not compulsory because they are completely unrelated to whether or not Plaintiff was properly paid and so should be dismissed in accordance with Fifth Circuit precedent.

Defendants argue that their claims fall under the exception as delineated in *Singer v. City of Waco*, but this is a misunderstanding of applicable law. 324 F.3d 813 (5th Cir. 2003). In *Singer*, the Fifth Circuit created an exception that allows employers to offset prepaid overtime payments, meaning the employer has already paid the employee overtime wages. 324 F.3d at 828. This exception was clarified and narrowed in *Martin v. PepsiAmericas, Inc.*, in which the Court stated, "We continue to look with disfavor on set-offs unless the money being set-off *can be considered wages* that the employer pre-paid to the plaintiff-employee. 628 F.3d 738, 742 (5th Cir. 2010) (emphasis added). There is no interpretation of Defendants' fraud or negligence claims under which Defendants' damages may be construed as prepaid wages because Defendants are very clearly claiming a setoff due to allegations of Plaintiff's misconduct. Defendants' Counterclaims contain no allegations regarding Plaintiff's wages or time worked. Therefore, the *Singer* exception does not apply and Defendants' claims are not permitted under applicable Fifth Circuit law.

Page 2 of 5
Trey Carnley v. Muggle Towing, LLC, et al.
U.S.D.C. (E.D. Tex.) No. 6:20-cv-225-JDK
Reply in Support of Motion to Dismiss Counterclaim

Defendants' claims are wholly unconnected to Plaintiff's wage claims, and if allowed in this case they will predominate over Plaintiff's right to pursue an FLSA lawsuit. Defendants' claims are merely retaliation dressed in a very thin veil, meant to punish Plaintiff for bringing his wage claims. Allowing Defendants' claims to color this case will not only cloud the wage issues in Plaintiff's Complaint, it will utterly subvert the purposes of the FLSA. *See Slaughter v. Alpha Drugs, LLC*, 907 F. Supp. 2d 50 (D.D.C. 2012). *See also Poole v. Dhiru Hosp., LLC*, Civil Action No. SA-18-CV-636-XR, 2019 U.S. Dist. LEXIS 138081, at *22-29 (W.D. Tex. Aug. 15, 2019) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). The two claims are barely tangentially related as both concern Plaintiff's tenure as Defendant's employee, which is an insufficient basis for supplemental jurisdiction. *Saenz v. Austin Roofer's Supply, LLC*, 664 F. Supp. 2d 704, 710 (W.D. Tex. 2009) (declining to exercise supplemental jurisdiction when "the employment relationship provides the only nexus between Plaintiffs' FLSA claims and Arredondo's tort claims."); *Whatley v. YWCA of Nw. La., Inc.*, No. 06-423, 2006 U.S. Dist. LEXIS 31129, at *9 (W.D. La. May 18, 2006) (same). *See also*, *Lou v. Ma Labs., Inc.*, No. C 12-05409 WHA, 2013 U.S. Dist. LEXIS 109135, at *9 (N.D. Cal. Aug. 2, 2013) ("The mere fact that the parties were once linked by an employer-employee relationship is insufficient when the claims would stir such different issues and rely on such divergent facts and evidence.").

**B.    Defendants' Counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).**

Defendants' Counterclaims fail to state a claim for which relief may be granted and must be dismissed. Fed. R. Civ. P. 12(b)(6). Even if the facts set forth in the Counterclaims were true, they must nonetheless be dismissed as a matter of law. Dismissal is proper because it will spare "litigants the burden of unnecessary pretrial and

Page 3 of 5
Trey Carnley v. Muggle Towing, LLC, et al.
U.S.D.C. (E.D. Tex.) No. 6:20-cv-225-JDK
Reply in Support of Motion to Dismiss Counterclaim

trial activity" where an action is "fatally flawed in [its] legal premise." *Nietzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Defendants' Response does not add any additional information to their Counterclaims, it merely restates the allegations contained in the Counterclaims. The Response does not cure the fatal defects that necessitate dismissal of Defendants' Counterclaims. Defendants again take great care in describing the alleged misconduct of Plaintiff, but continue to inadequately describe the damages sustained by Defendants. Moreover, Defendants make some vague allusions to "falsified records" and "unauthorized overtime," but provide no specific facts regarding these allegations. Defendants have provided no evidence whatsoever relating to the amount of time allegedly inflated or falsified, and the amount of damages allegedly incurred by these actions, and who actually incurred the damages. This is insufficient under both Rule 12(b)(6) and Rule 9(b), and any claims regarding falsified time Defendants are attempting to shoe-horn into their Response should be dismissed accordingly.

### C. Conclusion

Defendants' Counterclaims are an inappropriate vehicle for bringing state law tort claims in an FLSA case. Defendants' claims are wholly unconnected with Plaintiff's wage claims and must therefore be dismissed in their entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, and in the alternative, Defendants' Counterclaims do not state a legal basis for relief, and therefore the Counterclaims must be dismissed for failure to state a claim pursuant to Rule 12(b)(6) and Rule 9(b).

Page 4 of 5
Trey Carnley v. Muggle Towing, LLC, et al.
U.S.D.C. (E.D. Tex.) No. 6:20-cv-225-JDK
Reply in Support of Motion to Dismiss Counterclaim

        Respectfully submitted,

        **PLAINTIFF TREY CARNLEY**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 S Shackleford Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com

## **CERTIFICATE OF SERVICE**

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing REPLY was filed via the CM/ECF system, which will provide notice to the attorneys named below:

    Daniel A. Noteware, Jr., Esq.
    NOTEWARE LAW FIRM, P.C.
    100 E. Ferguson, Suite 910
    Tyler, Texas 75702
    Telephone: 903-747-8245
    Facsimile: 903-730-5151
    dan@notewarelaw.com

        */s/ Josh Sanford*
        **Josh Sanford**

Page 5 of 5
Trey Carnley v. Muggle Towing, LLC, et al.
U.S.D.C. (E.D. Tex.) No. 6:20-cv-225-JDK
Reply in Support of Motion to Dismiss Counterclaim